1.      I am a Special Agent (SA) with U.S. Homeland Security Investigations (HSI), with twenty-eight (28) years of experience as a federal agent, duly appointed according to law and acting as such. I am assigned to the Grand Rapids field office. As part of my duties, I conduct criminal investigations relating to violations of the laws of the United States. I have successfully completed the U.S. Border Patrol/FLETC Academy in Charleston, South Carolina. I possess a bachelor's degree in criminal justice from John Jay College of Criminal Justice with a minor in Police Operations and Management and a Juris Doctor from the University of Akron School of Law with a specialization in Criminal Law.  As a Special Agent, I have received training and experience relating to Federal Criminal Procedures, Federal Statutes, and HSI Regulations.  I have received training and instruction in conducting investigations into complex criminal conspiracies.

2.      This continuation is made in support of an application for a warrant to search the contents of a **SanDisk 128GB Micro-SD** card.  The item is more particularly described in Attachment A of this continuation.

3.      The purpose of this application is to seize evidence, contraband, fruits, and other items related to violations of Title 18 U.S.C. § 2314: Transportation of Stolen Property; and 18 U.S.C. § 371: Conspiracy.

4.      Because this continuation is being submitted for the limited purpose of establishing probable cause, I have not included every detail of every aspect of the investigation.  Rather, I have set forth only those facts that he believes are necessary to establish probable cause to search the item listed in Attachment A.  Unless specifically indicated, all conversations and statements described in this continuation are related in substance and in part.

5.      As a result of the instant investigation described more fully below, there is probable cause to believe that evidence, contraband, and fruits of, and other items related to the conspiracy to transport stolen property, in violation of Title 18 U.S.C. § 2314 and § 371, are present on the item described in Attachment A.

**SUMMARY OF INVESTIGATION**

6.      On December 5, 2024, the Kent County Sheriff's Office ("KCSO") responded to a home invasion in Cascade Township, Michigan.  The suspects ransacked the home and left with approximately $266,000 worth of valuables.  Law enforcement learned eventually learned that a South American Theft Group (SATG) was involved in this home invasion, as well as home invasions across the United States.

7.      The investigation was able to show that the SATG consisted of multiple Colombian nationals, who were illegally present in the United States.  The KCSO subsequently contacted HSI Grand Rapids for additional assistance based on the international and interstate nexus of the investigation.  The case was adopted for a federal prosecution in the Western District of Michigan.

8.      Additional investigation showed that the SATG would follow a very specific pattern of criminal activity in regards to the residential burglaries committed across the United States.  The following common characteristics were seen in the residential burglaries ultimately attributed to this group:

a. The group appeared to focus on Asian and Middle Eastern business owners.

b. The group conducted internet searches for addresses related to small businesses, followed by searches for the business owner's home address.

2

c. The group then searched for social media pages associated with potential victims and their family members.

d. The group would conduct searches for the closest police departments to potential victims in order to gauge law enforcement response times.

e. The group would use GPS trackers, which were covertly placed under victim's vehicles.  This would help ensure the victims did not unexpectedly return home and interrupt the group during a burglary.

f. The group would conduct extended periods of surveillance on potential victims in order to gauge their life patterns and daily schedules.

g. In chat communications with each other, the group discussed have the "eye" on the victims.  The context of the communications makes clear that they were using surveillance cameras to monitor the movements of victims prior to committing the burglaries.

9.      On May 20, 2025, multiple members of the SATG were indicted in the U.S. District Court for the Western District of Michigan (Case No. 1:25-CR-76).  Four SATG members were charged with violations of Title 18 U.S.C. § 2314 – Interstate Transportation of Stolen Property and § 2- Aiding & Abetting.  Four defendants were ultimately arrested and transported to the Western District of Michigan.

10.     The investigation into the SATG continued to focus on additional co-conspirators.  Further coordination with multiple other law enforcement agencies revealed that the SATG was determined to be responsible for nearly twenty residential burglaries throughout Michigan, Ohio, Kentucky, North Carolina, Massachusetts, Wisconsin, Alabama, South Carolina, and elsewhere.

**Alexandria, Kentucky Residential Burglary**

11.     On December 17, 2024, this SATG committed a residential burglary in Alexandria, Kentucky (Alexandria PD Report 24-20702).   A search warrant submitted to PNC Bank showed that SATG members used ATM machines in the Alexandria, Kentucky area during the time period of the burglary.  Additionally, investigators were able to show that cell phones belonging to SATG members hit off towers close to the victim's home.  A search warrant to Airbnb indicated that the group had rented an Airbnb in Crittenden, Kentucky during that same time frame.   It was common for the group to utilize Airbnb's, while they committed residential burglaries.

12.     State search warrants, submitted to internet search engines, showed that SATG group members conducted internet research of the Alexandria, Kentucky residence prior to committing the burglary.  KCSO Detective Dykgraaf contacted the Alexandria (KY) Police Department, who were ultimately able to confirm that a residential burglary occurred at the same address being researched by SATG group members.

13.      On June 12, 2025, I was contacted by Alexandria (KY) Police Detective Nick Rhoden.  Detective Rhoden stated that a neighbor, who resided across the street from the victim's home, found a hidden camera in their bushes.  The camera was connected to fake foliage in order to help obscure its placement.  The camera was not located until April of 2025 and did not belong to the neighbor.  A uniformed Alexandria Police Officer took the report and seized the items.  The Alexandria Police Department did not realize the camera's potential evidentiary value until June of 2025, at which time

they contacted HSI to see if the items could be used in furtherance of the federal investigation into the SATG.[1]

14.    I subsequently received the seized items from the Alexandria Police Department.  I was able to further analyze the items which are documented below:

a. Two Energizer battery/power banks;



b. Video camera covered in black electrical tape.  The video camera, which contained a **SanDisk 128GB micro-SD card**, is held up with a Sawzall blade and covered in fake foliage.  The video device is a Kasa-brand camera.  In review of the digital evidence collected in this case, the SATG members purchased Kasa-brand cameras.  It should also be noted that SATG members were found to have purchased Sawzall blades that were used to force entry into multiple residences and safes.

---

[1] I consulted with the U.S. Attorney's Office and we agreed that there are grounds to argue that the property has been abandoned and the users no longer have a privacy claim. But in an abundance of caution, we are seeking this search warrant.



c. Franklin Wireless Jextream portable hotspot;



15.     The Kasa website for the security cameras advertises the cameras as

having "Remote View Live" – real time video streaming; "24/7 Secure Local Recording"

– to save footage on a micro SD card; "Night Vision;" and other features.

## SPECIFICS REGARDING THE SEIZURE AND SEARCHING OF COMPUTER
## SYSTEMS

16.    Based upon my training and experience in the forensic examination of computers, smartphones, and related peripherals and storage devices, and my conversations with forensic examiners, I know:

> a.  Searching computer systems is a highly technical process which requires specific expertise and specialized equipment.  It may also be necessary to consult with computer personnel who have specific expertise in the type of computer, software application or operating system that is being searched.

> b.  Computer files or remnants of such files can be recovered months or even years after they have been downloaded, deleted, or viewed.  Even when such files have been deleted, they can be recovered months or years later using readily available forensic tools.

## CONCLUSION

17.    Based on the above information, there probable cause to believe that evidence, contraband, and fruits of, and other items related to the conspiracy to transport stolen property, in violation of 18 U.S.C. §§ 2314 and 371, are present on the item described in Attachment A.  Accordingly, I respectfully request that this Court issue a search warrant for the listed item, more particularly described in Attachment A, authorizing the seizure of the items described in Attachment B, which constitute evidence, contraband, fruits, and other items related the conspiracy to transport stolen property, in violation of 18 U.S.C. §§ 2314 and 371